```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
STEVEN D. KEENSWYK,                 :
                                    :
                Petitioner,         :
                                    :
        -against-                   :           OPINION
                                    :      06 Civ. 5761 (RLC)
ALBERTO GONZALES,                   :
                                    :
                Respondent.         :
                                    :
------------------------------------X
```

APPEARANCES

Bruno Joseph Bembi
Attorney for Petitioner
62 Nichols Court Suite 202
Hempstead, NY 11550

     BRUNO JOSEPH BEMBI
        Of Counsel


U.S. Attorney's Office
Attorneys for Respondent
86 Chambers Street
New York, NY 10007

     ANDREW MARTIN MCNEELA
        Of Counsel


ROBERT L. CARTER, District Judge

**BACKGROUND**

Petitioner, Steven D. Keenswyk is a native and citizen of Suriname. On or about April 17, 1991, Keenswyk was served by the agency formerly known as the Immigration and Naturalization Service ("INS")[1] with an Order to Show Cause, charging him with being deportable pursuant to "Section 241(a)(1)(B) of the Immigration and Nationality Act, in that after admission as a nonimmigrant under Section 101(a)(15) of said Act, [he] remained in the United States for a longer time than permitted." By Order dated July 26, 2000, an Immigration Judge ("IJ") denied Keenswyk's applications for asylum and withholding of deportation and ordered him deported. On March 25, 2002, the Board of Immigration Appeals (the "BIA" or "Board") dismissed petitioner's appeal for failing to file a supporting brief despite having indicated on the notice of appeal that he would do so. In the alternative, the BIA held that the IJ's denial of Keenswyk's application for relief was not erroneous. Keenswyk did not file a petition for review in connection with that decision.

On or about April 4, 2002, Keenswyk filed a timely motion to reopen his deportation proceedings alleging ineffective assistance of counsel. In a May 16, 2002 decision, the BIA denied Keenswyk's motion to reopen his deportation proceedings on the grounds that Keenswyk failed to comply with several of the procedural requirements for such motions. Keenswyk did not file a petition for review in connection with that decision.

According to petitioner, he is currently detained and is in DHS custody in Perry, Alabama and is in immediate danger of removal. Previously, he had been detained at Oakdale, Louisiana. Keenswyk claims to have exhausted all administrative remedies.

---

[1] As of March 1, 2003, the United States Immigration and Customs Enforcement ("ICE") of the Department of Homeland Security ("DHS") replaced the INS with respect to issues relating to the enforcement of the immigration laws.

On July 31, 2006, Keenswyk filed the instant petition for a writ of habeas corpus to vacate and reverse the BIA's May 16, 2002 decision, denying his motion to reconsider and reopen its March 25, 2002 decision, denying his asylum application under the Immigration and Nationality Act (INA) § 208(a), 8 U.S.C. § 1158(a), his application for withholding of removal under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and his application for benefits under the Convention Against Torture.

## DISCUSSION

Petitioner claims that this court has jurisdiction under 28 U.S.C. § 2241, 28 U.S.C. § 1331, as well as the common law basis for habeas corpus because "[h]e does not have an order of removal, and thus habeas review still exists."  (Pet.'s Br. Supp. Hab. Corp. 3).

Petitioner also argues that that "[a]n analysis of the language of the REAL ID Act demonstrates that Congress did not intend to eliminate habeas corpus review over asylum claims."  Petitioner claims that INA §242(a)(2)(B)(ii), 8 U.S.C. § 1252(a)(2)(B)(ii), "expressly reserves this Court's jurisdiction for review of asylum claims."

On May 11, 2005, the President signed into law the REAL ID Act, which amended various provisions of the Immigration and Nationality Act of 1952, as amended ("INA").  INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B), as amended by § 106 of the REAL ID Act, now provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including sections 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and as except as provided in subparagraph (D), no court shall have jurisdiction to review -- --
>
> (i)     any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229(b), 1229c, or 1255 of this title, or

>   (ii)   any other decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General, other than granting of relief under section 1158(a) of this title.

While, INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B), as amended by § 106 of the REAL ID Act excepts grants of relief under section 1158(a), which refers to asylum petitions, from its removal of jurisdiction from any court, it does not specify which court or courts retain jurisdiction. However, § 106(a) of the REAL ID Act amended INA § 242 to add subsection (5), which provides that the sole means by which an alien may challenge such an order is pursuant to a petition for review in the appropriate court of appeals:

>   (5) EXCLUSIVE MEANS OF REVIEW – Notwithstanding any other provision of law (statutory or nonstautory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e).  For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review . . . .

8 U.S.C. § 1252(a)(5) (Supp. V 2005), REAL ID Act § 106(a)(1)(B), 119 Stat. at 310 [hereinafter, "REAL ID ACT"].

As the Second Circuit has said, the REAL ID Act "eliminate[d] habeas jurisdiction over final orders of deportation, exclusion and removal, providing instead for petitions for review under § 1252, which circuit courts alone can consider." Gittens v. Menifee, 428 F.3d 382, 384 (2d Cir. 2005). Moreover, by its express terms, the REAL ID Act is retroactive and applies to cases "in which the final administrative order of *removal, deportation, or exclusion* was issued before, on, or after" the date of enactment. See REAL ID Act § 106(b) (emphasis added); see

also Gittens, 428 F.3d at 384-85.  Thus, Petitioners' argument that the provisions of the REAL ID ACT that eliminated habeas jurisdiction in the district courts does not apply in this situation because "he was served with an order to show cause [OSC] dated April 17, 1991, which placed him in deportation proceedings" so "[h]e does not have an order of removal" is without merit.

Finally, the REAL ID Act's repeal of habeas jurisdiction over final orders of removal from the district courts is constitutional because "Congress [can], without raising any constitutional questions, provide an adequate substitute [to habeas review] through the courts of appeals."  See INS v. St. Cyr, 533 U.S. 289, 314 n.38 (citing Swain v. Pressley, 430 U.S. 372, 381 (1977)); see also Puri v. Gonzales, 464 F.3d 1038,  (9th Cir. Sept. 28, 2006) (rejecting Suspension Clause challenge because "Congress has provided an adequate substitute for habeas proceedings"); Alexandre v. U.S. Attorney Gen., 452 F.3d 1204, 1206 (11th Cir. 2006) (REAL ID Act does not violate Suspension Clause because it "offers the same review as that formerly afforded in habeas corpus which provided legal, but not factual or discretionary, determinations"); Enwonwu v. Gonzales, 438 F.3d 22, 33 (1st Cir. 2006) (REAL ID Act "encompasses at least the same review and the same relief as to [an alien] as were available under prior habeas law").

## CONCLUSION

For the above stated reasons, Keenswyk's petition for a writ of *habeas corpus* is DENIED and dismissed with prejudice.

**IT IS SO ORDERED**

DATED:   New York, New York
         June 21, 2007

*[signature]*

**ROBERT L. CARTER**
**U.S.D.J.**